STEPHEN McGINNES, plaintiff in error, *vs.* JOHN B. McGINNES, defendant in error.

[1.] A party is not entitled to a continuance on the ground of the absence of certain testimony, unless he has taken some steps to procure that testimony.

[2.] In a suit against the surety, the maker being interested in favor of the surety to the extent of the costs, is not a competent witness for the surety.

Certiorari, from Gwinnett Superior Court. Decision by Judge HAMMOND, at September adjourned Term, 1857.

Certiorari was sued out by Stephen McGinnes, to have reviewed and corrected the judgments rendered by the Justices of the 404th district, in certain cases wherin John B. McGinnes was plaintiff and the said Stephen was defendant.

The answer of the Justices stated, that John B. McGinnes commenced his several actions, returnable to February Term of their Court, against Stephen McGinnes, on promissory

notes, of thirty dollars each. At which Term of the Court defendant appeared and plead that he was only security on said notes, and that Newton McDill was principal, and that he had given notice to plaintiff to sue, which he had failed to do within the period prescribed by statute, and defendant was discharged and released. He also pleaded usury, and indulgence granted to the principal by plaintiff, without his consent, whereby he was discharged. The cases were continued at March Term, at the instance of defendant. At April Term, judgments were given against him in all the cases; from which he appealed and at the May Term, being the trial term of the case on the appeal, both parties appeared and defendant moved for a continuance, on the ground of the absence of a material witness, residing in Forsyth county. He stated what he expected to prove by the witness, and that he had failed to take his depositions, because he expected the witness to be present at the trial.

The Justices refused to continue and ordered the cases on to trial.

After the plaintiff had closed the defendant proposed to read the answers of Newton McDill, the principal in the notes, to interrogatories, to prove that defendant was only security to the notes; that they were usurious, and that by subsequent agreement plaintiff had granted indulgence to him and extended the time of payment. To which answers being read, plaintiff objected on the ground that McDill was one of the makers of said notes, and his testimony was incompetent, and on the further ground of want of proper service of the interrogatories, and the due and legal execution of the commission.

The Justices sustained the objection and ruled out the answers.

Upon the hearing before the Superior Court, the counsel for defendant insisted upon the following grounds of error

McGinnes vs. McGinnes.

1st. Because the Justices refused to continue the cases on account of the absence of a material witness.

2d. Because they excluded the answers of McDill, the principal in the notes.

The presiding Judge, after argument, dismissed the certiorari, and affirmed the judgments, and counsel for defendant excepts.

SIMMONS & JULIAN, for plaintiffs in error.

W. S. MEADER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The plaintiff in error had taken no legal steps of any sort, to obtain the testimony of the witness. Therefore, the want of that testimony could be no ground for a continuance This is obvious.

Was McDill, the maker of the note, interested in the event of the suit, which was against his surety, the plaintiff in error?

[2.] In such a case the authorities say, that the maker is interested in favor of the surety to the extent of the costs of the suit; and therefore, that the maker is incompetent as a witness for the surety. It is with extreme difficulty, that I can go with these authorities. See them referred to in *note 1, to section 401, of Greenleaf's Evidence.*

We have to say, then, that the Court below did right in dismissing the certiorari.

Judgment affirmed.